**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Gavin S. Lites, Thyone Lites, Alicia L. Jones, and
Angela Williams, Defendants,

Of whom Gavin S. Lites is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2023-000180

———————————

Appeal From Greenwood County
Joseph C. Smithdeal, Family Court Judge

———————————

Unpublished Opinion No. 2023-UP-341
Submitted October 19, 2023 – Filed October 20, 2023

———————————

**AFFIRMED**

———————————

Melinda Inman Butler, of The Butler Law Firm, of
Union, for Appellant.

Sarah Marie Coldiron, of South Carolina Department of
Social Services, of Newberry, for Respondent.

Carson McCurry Henderson, of The Henderson Law Firm, PC, of Greenwood, for the Guardian ad Litem.

––––––––––––

**PER CURIAM:** Gavin S. Lites appeals the family court's order finding he sexually abused his minor child (Child), entering his name on the Central Registry of Child Abuse and Neglect, relieving the Department of Social Services (DSS) of providing services to reunify him with Child, granting custody of Child to an aunt, and closing the case. *See* S.C. Code Ann. § 63-7-1660(E) (2010) (stating a child shall not "be removed from the custody of the parent . . . unless the court finds that the allegations . . . are supported by a preponderance of the evidence including a finding that the child is an abused or neglected child as defined in section 63-7-20"); S.C. Code Ann. § 63-7-20(6)(ii) (Supp. 2022) (stating child abuse occurs when a child's parent "commits or allows to be committed against the child a sexual offense as defined by the laws of this State"); S.C. Code Ann. § 63-7-1940(A)(1)(b) (Supp. 2022) (explaining court must order a person's name be entered on the Central Registry of Child Abuse and Neglect "if the court finds that there is a preponderance of evidence that the person . . . sexually abused the child"); S.C. Code Ann. § 63-7-1640(C)(1)(c) (stating the family court may authorize DSS to forgo efforts to reunify a family if it determines the parent has subjected the child to sexual abuse). Upon a thorough review of the record and the family court's findings of fact and conclusions of law pursuant to *Ex parte Cauthen*, 291 S.C. 465, 354 S.E.2d 381 (1987), we find no meritorious issues warrant briefing.[1] Accordingly, we affirm the family court's ruling and relieve Lites's counsel.

**AFFIRMED.**[2]

**MCDONALD and VINSON, JJ., and BROMELL HOLMES, A.J., concur.**

––––––––––––

[1] *See also S.C. Dep't of Soc. Servs. v. Downer*, S.C. Sup. Ct. Order dated Feb. 2, 2005 (expanding the *Cauthen* procedure to cases in which "an indigent person appeals from an order imposing other measures short of" TPR).
[2] We decide this case without argument pursuant to Rule 215, SCACR.